UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

IN RE: DAVID C. LETTIERI

                                      23-MC-32-LJV
                                      ORDER

_____

      Upon examination of this Court's docket, it is clear that a *pro se* litigant, David C. Lettieri, has engaged in a pattern of abuse of the judicial process and therefore should be prohibited from filing cases in this District without prepaying the filing and administrative fees ($402.00 total), *see* 28 U.S.C. § 1914, or submitting a complete motion for leave to proceed *in forma pauperis* ("IFP") that includes (1) a certification of his inmate trust account, *see* 28 U.S.C. § 1915(a)(2), and (2) a signed authorization, *see* 28 U.S.C. § 1915(b)(1)-(4).  As a matter of discretion, however, the Court will give Lettieri an opportunity to show cause why that restriction should not be imposed upon him.

## **DISCUSSION**

      Between November 29, 2022, and August 11, 2023, Lettieri filed at least 35 cases in this Court without prepaying the filing fee.  About 28 of those cases were brought within the eight-week period between June 5, 2023, and August 4, 2023. Although Lettieri has sought permission to proceed IFP in most of his cases, he repeatedly has failed to provide a signed authorization with his IFP motion.  *See* 28 U.S.C. § 1915(b)(1)-(4).  The Court therefore repeatedly has closed Lettieri's cases and

directed him to submit a complete IFP motion that includes a signed authorization.[1] *See, e.g.*, *Lettieri v. Dep't of Justice*, Case No. 23-cv-517, Docket Item 3 (W.D.N.Y. June 23, 2023); *Lettieri v. N.Y. State Police*, Case No. 23-cv-518, Docket Item 3 (W.D.N.Y. June 27, 2023); *Lettieri v. Town of Colesville*, Case No. 23-cv-519, Docket Item 3 (W.D.N.Y. June 21, 2023).

The Court has continued to review each case and IFP motion filed by Lettieri individually, but it seems that as soon as one is reviewed and administratively closed, several more are filed. And the Court repeatedly has warned Lettieri that "if he continues to file complaints with insufficient IFP applications, he may be subject to sanctions." *See, e.g.*, *Lettieri v. Broome Cnty. Humane Soc'y*, Case No. 23-cv-747, Docket Item 3 (W.D.N.Y. Aug. 1, 2023); *Lettieri v. Fed. Pub. Def.*, Case No. 23-cv-748, Docket Item 3 (W.D.N.Y. July 31, 2023). The Court cannot continue to allow Lettieri to file case after case with inadequate IFP motions and thereby waste valuable court resources, harming the constitutionally mandated functions of this Court. Therefore, the Court will take the minimal step of preventing Lettieri from filing new actions without a properly supported IFP motion with a prison certification and a signed authorization unless Lettieri shows cause why the Court should not do so.

It is well settled that "[a] district court may, in its discretion, impose sanctions against litigants who abuse the judicial process." *Shafii v. British Airways, PLC*, 83 F.3d

---

[1] As further evidence of his abuse of process, in at least eight cases, Lettieri has filed baseless interlocutory notices of appeal from the Court's administrative closure orders even though those orders gave him the opportunity to correct the deficiencies in his IFP motions. *See, e.g.*, *Lettieri v. U.S. Fed. Marshals*, Case No. 23-cv-246, Docket Item 6 (W.D.N.Y. Apr. 21, 2023), *appeal docketed*, Case No. 23-696 (2d Cir. Apr. 25, 2023).

566, 571 (2d Cir. 1996). Lettieri's status as a *pro se* litigant gives him neither "an impenetrable shield" from sanctions under Rule 11 of the Federal Rules of Civil Procedure, nor a "license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Saeli v. Chautauqua County*, 2023 WL 1448049, at *9 (W.D.N.Y. Feb. 1, 2023) (citation and internal quotation marks omitted); *see* Fed. R. Civ. P. 11; *accord Benitez v. King*, 298 F. Supp. 3d 530, 544 (W.D.N.Y. 2018) (warning that "the filing of false documents in bad faith to a court can, in egregious cases, result in dismissal"). And the Second Circuit has made it clear that "a district court has inherent authority to sanction parties appearing before it for acting in bad faith, vexatiously, wantonly, or for oppressive reasons." *Sassower v. Field,* 973 F.2d 75, 80-81 (2d Cir. 1992); *see also Vassel v. Firststorm Props. 2 LLC*, 750 F. App'x 50, 52 (2d Cir. 2018) (summary order) (finding that the "district court acted within its discretion when it decided to impose a filing injunction" on a plaintiff who "filed multiple actions related to the same . . . proceeding and against many of the same defendants" and asserted claims that were "duplicative, precluded, or patently meritless"). Lettieri therefore is warned that the repeated filing of cases with inadequate IFP motions eventually may lead to the imposition of an even stronger injunction—one prohibiting him from filing any further complaints in this Court unless he pays the filing fees.

In sum, given Lettieri's propensity for filing case after case in this Court and his obvious intent to continue filing cases without paying the filing fee or submitting a properly supported IFP motion, the Court plans to direct the Clerk of the Court to immediately close any new cases filed by Lettieri if he does not prepay the filing fee or submit <u>a prison certification and signed authorization form</u> with his IFP motion. Lettieri

shall, within **fourteen days** of the date of this order, show cause in writing why he should not be so restricted. In addition, Lettieri is reminded that for each case in which he is granted IFP status, the filing fee for that case will be deducted from his inmate trust fund account over time.

## ORDER

IT IS HEREBY ORDERED that the Clerk of the Court shall open a miscellaneous civil action entitled "In re: David Lettieri" and enter this order therein; and it is further

ORDERED that the Clerk of the Court shall mail Lettieri a copy of this order; and it is further

ORDERED that Lettieri shall, within **fourteen days** of the date of this order, show cause in writing why he should not be prohibited from filing any new actions in the United States District Court for the Western District of New York without (1) prepaying the filing and administrative fees ($402.00 total) or (2) submitting an IFP motion that includes a completed and signed prison certification and signed authorization form; and it is further

ORDERED that if Lettieri does not fully comply with this order as set forth above, this Court will issue another order, without further notice or explanation, directing the Clerk of the Court to docket under seal and immediately close any new case filed by Lettieri unless he (1) prepays the filing fees ($402.00 total) or (2) submits a complete IFP motion that includes both <u>a prison certification and a signed authorization form</u>.

4

SO ORDERED.

Dated:   September 5, 2023
            Buffalo, New York


/s/ Lawrence J. Vilardo
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE