UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────────

 IN RE: DAVID C. LETTIERI,

                                23-MC-32-LJV
                                ORDER


───────────────────────────────────

On September 5, 2023, this Court found that *pro se* litigant David C. Lettieri "has engaged in a pattern of abuse of the judicial process and therefore should be prohibited from filing cases in this District without prepaying the filing and administrative fees . . . or submitting a complete motion for leave to proceed *in forma pauperis*" ("IFP").  Docket Item 1 (the "first show cause order").  The Court gave Lettieri "an opportunity to show cause why that restriction should not be imposed upon him."  *Id.*  Lettieri both responded to that order, Docket Item 6, and appealed that order to the United States Court of Appeals for the Second Circuit, Docket Item 7.

After considering Lettieri's response, the Court has determined that the proposed sanction is appropriate.  Furthermore, based on Lettieri's continued filing of meritless and vexatious actions and motions, the Court finds that additional sanctions are warranted but again will give Lettieri an opportunity to show cause why the proposed sanctions should not be imposed.  Finally, the Court finds that Lettieri's cases on appeal to the Second Circuit should be stayed pending disposition of those appeals.

## BACKGROUND

Since November 2022, Lettieri has filed more than 55 civil complaints and habeas petitions in this District.[1]  At first, he repeatedly filed deficient IFP motions, and the Court repeatedly closed his cases with orders directing him to file complete IFP motions.  *See* Docket Item 1.

Eventually, Lettieri began to submit complete IFP motions, and the Court granted those motions as appropriate.  As required, the Court also screened several of Lettieri's complaints under 28 U.S.C. §§ 1915 and 1915A.  *See, e.g.*, *Lettieri v. Dep't of Just.*, Case No. 23-cv-865, Docket Item 3 (W.D.N.Y. Oct. 19, 2023).  The Court found each complaint or petition it addressed substantively to be meritless.[2]

In addition to the many actions he has commenced, Lettieri has filed more than 50 notices of appeal.  Several of those appeals are from orders denying his IFP motions, but Lettieri also has appealed orders dismissing his complaints, *see, e.g.*, *Lettieri v. Reynolds*, Case No. 23-cv-925, Docket Item 7 (W.D.N.Y. Oct. 30, 2023), as well as the earlier order to show cause in this case, Docket Item 7.  And Lettieri has filed

---

[1] Lettieri also has filed cases in the Northern and Eastern Districts of New York. *See, e.g.*, *Lettieri v. Broome Cnty. Humane Soc'y*, 2023 WL 7017081 (E.D.N.Y. Oct. 25, 2023); *Lettieri v. Quinn*, Case No. 23-cv-7830, Docket Item 1 (E.D.N.Y. Oct. 16, 2023); *Lettieri v. Dep't of Just.*, Case No. 23-cv-1272, Docket Item 1 (N.D.N.Y. Oct. 12, 2023); *Lettieri v. Garver*, Case No. 23-cv-1421, Docket Item 1 (N.D.N.Y. Nov. 11, 2023).

[2] In fact, Lettieri has had more than three actions dismissed and thus is subject to what is commonly known as the three strikes rule.  *See* 28 U.S.C. § 1915(g) (providing that a prisoner may not bring a civil action or appeal IFP if the prisoner has, "on 3 or more prior occasions," brought an action "that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," unless he is "under imminent danger of serious physical injury"); *Lettieri v. Hockwater*, Case No. 23-cv-1123, Docket Item 3 (W.D.N.Y. Nov. 13, 2023) (noting that Lettieri had garnered at least three strikes and denying him leave to proceed IFP).

dozens of motions, even in cases on appeal to the Second Circuit.  *See, e.g.*, *Lettieri v. Reynolds*, Case No. 23-cv-925, Docket Item 6 (W.D.N.Y. Oct. 30, 2023) (motion for recusal filed the same day as notice of appeal).

Over the past year, Lettieri's pattern of vexatious filings and baseless appeals has created a backlog of cases and motions, requiring this Court and its personnel to spend huge blocks of time addressing his filings.

**DISCUSSION**

**I.      FILING SANCTION**

This Court previously ordered Lettieri to show cause why he should not "be prohibited from filing cases in this District without prepaying the filing and administrative fees . . . or submitting a complete motion for leave to proceed [IFP]."  Docket Item 1 at 1 (citing 28 U.S.C. §§ 1914-1915).  In that order, as well as in numerous other orders, the Court warned Lettieri that he may be subject to sanctions if he continued his pattern of vexatious filing.  *Id.* at 2 (citing *Lettieri v. Broome Cnty. Humane Soc'y*, Case No. 23-cv-747, Docket Item 3 (W.D.N.Y. Aug. 1, 2023); *Lettieri v. Fed. Pub. Def.*, Case No. 23-cv-748, Docket Item 3 (W.D.N.Y. July 31, 2023)).  Nevertheless, since the first show cause order was issued, Lettieri has commenced at least 11 new actions in this District.

In his response to the first show cause order, Lettieri says that his "paperwork has been submitted correctly and there hasn't been an 'overload' of case files."  Docket Item 6.  He also argues that the Court should require several individuals involved in his federal criminal prosecution to show cause why "they shouldn't be arrested and charged for aiding and abetting" the alleged "misconduct" of Randall Garver, an FBI Special Agent involved in the criminal investigation.  *Id*.

Lettieri's response is argumentative and dismissive, and it provides no reason why he should not be prohibited from filing any future civil actions in this District without prepaying the filing and administrative fees or submitting a complete motion for leave to proceed IFP with (1) a certification of his inmate trust account and (2) a signed authorization.

Accordingly, all future civil complaints and petitions submitted to this Court by Lettieri without prepayment of the filing and administrative fees or a complete IFP motion will be rejected by the Clerk's office.  In those cases, the Clerk of the Court shall docket Lettieri's papers under seal[3] and immediately terminate the civil action without further order.

## II.    FILING INJUNCTION

The Court now addresses the possibility of an injunction barring Lettieri from filing any action without prior leave of the Court.  In deciding whether to impose such a filing injunction, a district court considers the following factors:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing[,] or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Duran v. Kiley*, 586 F. App'x 598, 600 (2d Cir. 2013) (summary order) (quoting *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)).

---

[3] Lettieri's papers shall be filed under seal because he often mentions the last name of the minor victim in his criminal case.

Here, those factors heavily favor imposing a filing injunction.  As noted above, Lettieri has an extensive filing history.  Most of his cases were filed with incomplete IFP motions even after he had been instructed repeatedly that he must sign and submit a prisoner authorization form with each motion.  He then filed numerous appeals of the orders denying his incomplete IFP motions, signaling a bad faith attempt to avoid the deferred payment of filing fees that is required under the Prison Litigation Reform Act of 1995.  *See* 28 U.S.C. § 1915(b) ("[I]f a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee.").

In addition to the sheer number of Lettieri's vexatious filings and appeals—which have continued despite the Court's warnings—Lettieri has engaged in crude, offensive, and baseless attacks on the minor victim in his criminal proceedings, *Lettieri v. Univ. of Rochester*, Case No. 23-cv-504, Docket Item 13 (W.D.N.Y. Aug. 28, 2023); on others associated with his criminal proceedings, *Lettieri v. Dep't of Just.*, Case No. 23-cv-865, Docket Item 5 (W.D.N.Y. Nov. 8, 2023); and on this Court, *see id.*, Docket Item 6 (W.D.N.Y Nov. 8, 2023).  In fact, almost all of Lettieri's actions are related to his criminal prosecution, and many are duplicative.

The unusually high volume of cases has caused an extreme and unnecessary burden on this Court.  Other courts in this Circuit have imposed sanctions against vexatious litigants in similar circumstances.  *See, e.g.*, *In re Vazquez*, 2022 WL 1303849, at *2 (N.D.N.Y. May 2, 2022) (noting that vexatious litigant had become "increasingly abusive" in dozens of filings and other communications with the court in connection with five separate actions and ordering litigant to show cause "why he should not be enjoined from filing any future pleadings or documents of any kind

(including motions)" without prior permission); *Rajapakse v. Seyfarth Shaw*, 2022 WL 1051108, at *9 (S.D.N.Y. Feb. 18, 2022) (collecting cases demonstrating plaintiff's "history of vexatious, harassing litigation that has . . . led to filing injunctions in[] other courts," including a case finding that plaintiff "fil[ed] a barrage of documents that have impugned the integrity of the courts and individual judges"), *report and recommendation adopted*, 2022 WL 855870 (S.D.N.Y. Mar. 23, 2022), *reconsideration denied*, 2022 WL 1102406 (S.D.N.Y. Apr. 13, 2022), *appeal dismissed*, 2022 WL 18909389 (2d Cir. Aug. 4, 2022), *cert. denied*, 143 S. Ct. 2440 (2023).

It is clear that an order prohibiting Lettieri from commencing new actions without paying the required fees or filing a complete IFP motion will not stem the flow of Lettieri's vexatious filing. Lettieri therefore is directed to show cause why he should not be barred, for one year, from filing any future actions in the Western District of New York without receiving this Court's permission to do so. As part of the filing injunction, Lettieri will be fined $500.00 for each time he has three requests for permission to file a new action denied by the Court. If he is fined $500.00 for that reason, he will be barred from filing any additional requests for permission to file a new action until he has paid the $500.00 fine in full. At the conclusion of the one-year period, the Court will decide whether to extend any filing injunction after giving Lettieri notice and an opportunity to be heard.

If, **within 14 days of the date of this order**, Lettieri does not show cause why he should not be so sanctioned, this Court will impose that sanction.

### III.     STAY OF CASES ON APPEAL

A prospective filing injunction does not allow this Court to address Lettieri's

pending actions—more than 30 of which currently are on appeal to the Second Circuit.

This Court therefore finds that Lettieri's cases on appeal should be stayed pending the

Second Circuit's resolution of the relevant appeals.

To be clear, this is not a sanction; rather, it is a tool of docket management to

avoid piecemeal resolution of Lettieri's cases and motions and to minimize the time

court personnel spends addressing Lettieri's filings.  *See Landis v. N. Am. Co.*, 299 U.S.

248, 254-55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent

in every court to control the disposition of the cases on its docket with economy of time

and effort for itself, for counsel, and for litigants."); *see also Off-White LLC v. AEUNZN*,

2023 WL 199483, at *1 (S.D.N.Y. Jan. 17, 2023) ("The power to stay proceedings can

be exercised *sua sponte*." (citation omitted)).  The Court therefore need not—and does

not—give Lettieri an opportunity to show cause why those cases should not be stayed.

### IV.     NOTICE OF CHANGE OF ADDRESS

Finally, this Court previously noted that Lettieri had not updated his mailing

address when he moved to a new facility, as required by Local Rule of Civil Procedure

5.2(d), and ordered him to file a notice of change of address.  Docket Item 4.  Lettieri

since has indicated that he currently is confined at the Niagara County Jail.  *See, e.g.*,

*Lettieri v. Western Dist. of N.Y.*, Case No. 23-cv-770, Docket Item 10 at 4 (W.D.N.Y.

Oct. 20, 2023).

The Clerk of the Court therefore shall update Lettieri's mailing address in each of

his open actions.  If Lettieri is moved to a different facility, he must file a notice providing

his new address to the Court.  *See* Loc. Rule Civ. P. 5.2(d) ("[A] *pro se* litigant must inform the Court immediately, in writing, of any change of address.  Failure to do so may result in dismissal of the case, with prejudice.").

## CONCLUSION

Lettieri's filings and notices of appeal have created an untenable situation. Surely, Lettieri will appeal this order—as he has almost every other order this Court has issued in his civil cases.  But Lettieri's appeals will not prevent this Court from sanctioning Lettieri for his vexatious filing history and abuse of the judicial process. Therefore, this Court will issue an order prohibiting Lettieri from filing any new actions without the Court's permission unless, **within 14 days of the date of this order**, Lettieri shows cause why such sanctions should not be imposed.

## ORDER

In light of the above, IT IS HEREBY

ORDERED that the Clerk of the Court shall docket under seal and immediately terminate any new civil action filed by Lettieri that does not include prepayment of the filing and administrative fees or a complete IFP motion; and it is further

ORDERED that Lettieri is directed to show cause **within 14 days of the date of this order** why he should not be barred, for one year, from filing any future civil action in the Western District of New York without first receiving this Court's permission; and it is further

ORDERED that if Lettieri does not file a response **within 14 days of the date of this order**, the Court will issue an order imposing a one-year filing injunction as set forth above without further explanation; and it is further

ORDERED that the Clerk of the Court shall stay the following cases:

- *Lettieri v. Federal Bureau of Investigation*, Case No.  23-cv-309
- *Lettieri v. Federal Bureau of Investigation*, Case No. 23-cv-318
- *Lettieri v. Federal Marshals*, Case No. 23-cv-359
- *Lettieri v. Auricchio*, Case No. 23-cv-441
- *Lettieri v. Federal Bureau of Investigation*, Case No. 23-cv-442
- *Lettieri v. Federal Bureau of Investigation*, Case No. 23-cv-471
- *Lettieri v. Daniels*, Case No. 23-cv-487
- *Lettieri v. Federal Bureau of Investigation*, Case No. 23-cv-503
- *Lettieri v. University of Rochester*, Case No. 23-cv-504
- *Lettieri v. Department of Justice*, Case No. 23-cv-517
- *Lettieri v. New York State Police*, Case No. 23-cv-518
- *Lettieri v. Town of Colesville*, Case No. 23-cv-519
- *Lettieri v. Federal Bureau of Investigation*, Case No. 23-cv-679
- *Lettieri v. Department of Justice*, Case No. 23-cv-695
- *Lettieri v. Department of Justice*, Case No. 23-cv-696
- *Lettieri v. Department of Justice*, Case No. 23-cv-697
- *Lettieri v. Department of Justice*, Case No. 23-cv-698
- *Lettieri v. Department of Justice*, Case No. 23-cv-699
- *Lettieri v. Department of Justice*, Case No. 23-cv-704
- *Lettieri v. Department of Justice*, Case No. 23-cv-705
- *Lettieri v. Federal Bureau of Investigation*, Case No. 23-cv-706
- *Lettieri v. Department of Justice*, Case No. 23-cv-707
- *Lettieri v. Federal Bureau of Investigation*, Case No. 23-cv-708
- *Lettieri v. Department of Justice*, Case No. 23-cv-721
- *Lettieri v. Department of Justice*, Case No. 23-cv-722
- *Lettieri v. Broome County Humane Society*, Case No. 23-cv-747
- *Lettieri v. Federal Public Defender*, Case No. 23-cv-748
- *Lettieri v. Suffolk County Police*, Case No. 23-cv-757
- *Lettieri v. Department of Justice*, Case No. 23-cv-762
- *Lettieri v. Department of Justice*, Case No. 23-cv-771
- *Lettieri v. Department of Justice*, Case No. 23-cv-774
- *Lettieri v. Department of Justice*, Case No. 23-cv-788
- *Lettieri v. Department of Justice*, Case No. 23-cv-866
- *Lettieri v. Four in One*, Case No. 23-cv-898
- *Lettieri v. Olivett Products LLC*, Case No. 23-cv-906
- *Lettieri v. Reynolds*, Case No. 23-cv-925

and it is further

ORDERED that the Clerk of the Court shall update Lettieri's mailing address in
each of Lettieri's open cases to:

David C. Lettieri
2023-00002000
Niagara County Jail
Box 496
Lockport, NY 14094

All future orders will be mailed to that address until and unless Lettieri files a notice of
change of address.

SO ORDERED.

Dated:   December 4, 2023
             Buffalo, New York

*/s/ Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE