UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

IN RE: DAVID C. LETTIERI,

                              23-MC-32-LJV
                              ORDER

      On September 5, 2023, this Court found that *pro se* litigant David C. Lettieri had engaged in a pattern of abuse of the judicial process. Docket Item 1. Since then, the Court has imposed two filing injunctions to address Lettieri's repeated vexatious filings. The first prohibits Lettieri from filing any cases in this District without prepaying the filing and administrative fees or submitting a complete motion for leave to proceed *in forma pauperis* ("IFP"). Docket Item 11. The second prohibits Lettieri from filing any *pro se* actions in this District without first obtaining permission to do so for one year. Docket Item 18. Under the second injunction, Lettieri will be fined $500.00 each time that three requests for permission to file a new action *pro se* are denied. *Id.* If he is fined for that reason, he will be barred from requesting permission to file a new action until he has paid the $500.00 fine. *Id.* Lettieri has moved to vacate the second injunction, Docket Item 19, and he has filed a notice of appeal from the order imposing that injunction, Docket Item 20.

      For the following reasons, Lettieri's motion to vacate is denied.[1] Additionally, Letteri is ordered to show cause why he should not be barred from filing any *pro se*

---

[1] Despite Lettieri's notice of appeal, this Court retains the power to consider his motion to vacate under Federal Rule of Civil Procedure 62.1, which provides that when

motions, papers, or documents of any kind—except notices of appeal—in all pending and closed cases filed in this District.

## DISCUSSION

I. **MOTION TO VACATE FILING INJUNCTION**

Consistent with his pattern of abuse of the judicial process and vexatious filings, Lettieri moves to "vacate" the second injunction imposed by this Court. Docket Item 19. He states that he is the "victim of the matter" and that the injunction is "outside the scope of [the Court's] job." *Id.* He also accuses the Court of "abus[ing its] power to stall [his] appeals" and committing various other forms of misconduct. *Id.* The Court construes Lettieri's filing as a motion for reconsideration.

"As explained by the Second Circuit, 'the standard for granting a motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *Kharshiladze v. Philips*, 2021 WL 1525869, at *1 (W.D.N.Y. Apr. 19, 2021) (alterations omitted) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or

---

a litigant timely moves for relief while an appeal is pending, the district court may, *inter alia*, "deny the motion." In fact, the Second Circuit has stayed at least one of Lettieri's appeals pending resolution of a motion for reconsideration pending before this Court. *Lettieri v. Auricchio*, Case No. 23-8094, Docket Item 7 (2d Cir. Dec. 27, 2023). Although the Second Circuit did not do that here, it presumably will treat all of Lettieri's cases in the same manner. Therefore, and because it has the authority to do so under Rule 62.1, this Court decides Lettieri's pending motion.

prevent a manifest injustice." *Id.* (quoting *Virgin Atl. Airways v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). "These criteria are strictly construed against the moving party so as to avoid repetitive arguments on issues that have been considered fully by the court." *Id.* (quoting *Boyde v. Osborne*, 2013 WL 6662862, at *1 (W.D.N.Y. Dec. 16, 2013)); *see Nossek v. Bd. of Educ. of Duanesburg Cent. Sch. Dist.*, 1994 WL 688298, *1 (N.D.N.Y. Nov. 10, 1994) ("[A] motion for reconsideration is not a device 'intended to give an unhappy litigant one additional chance to sway the judge.'" (quoting *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977))).

Lettieri has not persuasively demonstrated any of the circumstances under which reconsideration might be warranted. Docket Item 19; *see Kharshiladze*, 2021 WL 1525869, at *1. His motion for reconsideration therefore is denied.

## II.    INJUNCTION ON FILING FUTURE MOTIONS

Despite the current injunctions and this Court's repeated warnings that further abuse of the judicial process may lead to additional sanctions, Lettieri's onslaught of vexatious filings, including his unfounded and offensive accusations against this Court and others involved in his criminal case,[2] has continued unabated. Dozens of his motions already have been denied, but Lettieri still has nearly 100 motions for various forms of relief pending in his cases in this District. The motions come in all forms: for reconsideration, for recusal, to consolidate cases, to amend complaints, for screening, to have various entities and individuals comply, for mental examinations of those

---

[2] Lettieri was convicted by a jury of one count of enticement of a minor in violation of 18 U.S.C. § 2422(b). *United States v. Lettieri*, Case No. 21-cr-20, Docket Items 146 and 150 (W.D.N.Y. June 14, 2023). For several reasons, including his retention of new counsel, he has not yet been sentenced.

3

involved in his criminal case, for depositions, for immediate trial, for summary judgment, and more.  He has filed motions pre- and post-judgment and pre- and post-appeal.[3]  He even has filed second motions for reconsideration of orders while first motions for reconsideration of those same orders still are pending.  *See, e.g.*, *Lettieri v. Dep't of Justice*, Case No. 23-cv-866, Docket Items 6 and 9 (W.D.N.Y. 2024).  Like his dozens of complaints and petitions themselves, Lettieri's motions are meritless:  The Court has not granted a single one that it has considered.  *See, e.g.*, *Lettieri v. Fed. Bureau of Investigation*, Case No. 23-cv-309, Docket Item 26 (W.D.N.Y. Feb. 28, 2024) (dismissing complaint and denying motions for "mental [e]xamination[s]," for a restraining order, to have various individuals and entities "comply," to depose an Assistant United States Attorney, for trial, for summary judgment, and for "screening"); *Lettieri v. Dep't of Justice*, Case No. 23-cv-517, Docket Item 21 (W.D.N.Y. Feb. 26, 2024) (dismissing complaint and denying motions for "[d]iscovery" and "screening"); *Lettieri v. Daniels*, Case No. 23-cv-867, Docket Item 10 (W.D.N.Y. Feb. 5, 2024) (denying motions for reconsideration and recusal); *see also* Docket Item 18 ("In each case that it screened, the Court found the complaint or petition to be substantively meritless.").

Federal courts possess the inherent authority "to levy sanctions in response to abusive litigation practices."  *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765 (1980)

---

[3] Lettieri has filed more than 80 notices of appeal from orders issued in his civil actions in this District.  The Second Circuit recently warned Lettieri that "the continued filing of appeals that are frivolous or moot could result in the imposition of a sanction that would require [Lettieri] to obtain permission from the [Second Circuit] prior to filing any further submission[s]."  *Lettieri v. Reynolds*, Case No. 23-7048, Docket Item 16 (2d Cir. Feb. 8, 2024).

(citing *Link v. Wabash R. Co.*, 370 U.S. 626, 632 (1962) (recognizing the "well-acknowledged" inherent power of courts to sanction litigants)); *see Koehl v. Bernstein*, 740 F.3d 860, 862-63 (2d Cir. 2014) (per curiam) (affirming dismissal of *pro se* plaintiff's action with prejudice as sanction for abusive conduct).  A district court may, in its discretion, impose a filing injunction if confronted with "extraordinary circumstances, such as a demonstrated history of frivolous and vexatious litigation."  *Milltex Indus. Corp. v. Jacquard Lace Co., Ltd.*, 55 F.3d 34, 39 (2d Cir. 1995) (citation omitted).

This Court previously has noted the factors it considers in imposing a filing injunction.  Docket Item 11 at 4-5; Docket Item 18 at 3-4.  In light of those factors, an injunction prohibiting the *pro se* filing of any motions, papers, or documents of any kind—except notices of appeal—in all pending and closed cases in this District is warranted.

In fact, it is necessary.  Lettieri clearly has no intention of ceasing his abusive and bad faith conduct.  He has twice been sanctioned by this Court based on his vexatiousness, Docket Items 11 and 18; he has accrued three strikes and therefore cannot proceed IFP unless he shows that he is in imminent danger, Docket Item 18 at 2; *see* 28 U.S.C. § 1915(g); and the Second Circuit has recently warned him that his continued filing of frivolous or moot appeals may lead to a filing bar before that court, *see supra* n.3.  This Court concludes that Lettieri's motions are an attempt to harass the Court by finding ways to bypass the current filing injunction and three-strikes bar to seek relief that he could not seek otherwise.

Lettieri's backlog of cases and incessant filing of motions continues to unduly burden the Court and its staff and interfere with the Court's obligations under Article III

of the United States Constitution. If Lettieri is permitted to continue filing motions, the disruption will continue indefinitely. The Court sees no lesser sanction that will effectively and appropriately address the situation.

Therefore, unless he shows cause why such an injunction should not be issued, Lettieri will be prohibited from filing *pro se* any motions, papers, or documents of any kind—except notices of appeal—in all pending and closed cases in this District for a period of one year. Lettieri is warned that his continued abuse of the judicial process will lead to even harsher sanctions, including dismissal of all pending cases and a complete bar against filing actions of any nature in this Court, except a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. *Cf. Hurt v. Soc. Sec. Admin.*, 544 F.3d 308, 310-11 (D.C. Cir. 2008) (revoking appellant's IFP privilege, dismissing all appeals pending before the Court, and directing the Clerk of the Court to refuse to accept any more appeals based on appellant's abuse of the IFP privilege and his filing of over 70 appeals, "none of which had any chance of success").

## ORDER

In light of the above, IT IS HEREBY

ORDERED that Lettieri's motion to vacate, Docket Item 19, is DENIED, and it is further

ORDERED that Lettieri shall show cause **within 14 days of the date of this order** why he should not be barred from filing *pro se* any new motions, papers, or documents of any kind—except notices of appeal—in all pending and closed cases in this District for a period of one year; and it is further

ORDERED that if Lettieri does not show cause within 14 days of the date of this order, the Court will issue an order imposing a filing injunction as set forth above without further explanation.

SO ORDERED.

Dated:  March 12, 2024
          Buffalo, New York

                                          */s/ Lawrence J. Vilardo*
                                          LAWRENCE J. VILARDO
                                          UNITED STATES DISTRICT JUDGE