UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

IN RE: DAVID C. LETTIERI,

                                                                      23-MC-32-LJV
                                                                       ORDER

       This case concerns the vexatious litigation practices of a *pro se* litigant, David C. Lettieri.[1]  Over the past two years, this Court has spent hundreds of hours addressing Lettieri's dozens of meritless complaints and petitions, each of which was accompanied by a request to proceed *in forma pauperis* ("IFP").  The Court has imposed three filing injunctions in an attempt to curb Lettieri's abuse of the judicial process.  *See* Docket Items 11, 18, 26.  Nevertheless, Lettieri still has dozens of open cases and pending motions before this Court.

       On June 13, 2024, this Court directed Lettieri to show cause within 14 days why his IFP status should not be revoked in each case in which it had been granted—and why this Court should not deny his pending IFP motions—based on his repeated abuse of the IFP privilege.  Docket Item 30.  That order was mailed to Lettieri at the Niagara County Jail, his address of record.  On July 1, 2024, the Court determined that Lettieri had likely been transferred to the Northeast Ohio Correctional Center, directed the Clerk

---

[1] On June 14, 2023, a jury found Lettieri guilty of one count of enticement of a minor in violation of 18 U.S.C. § 2422(b).  *See United States v. Lettieri*, Case No. 21-cr-20, Docket Items 146, 150 (W.D.N.Y. June 14, 2023).  On May 28, 2024, the Court sentenced Lettieri to 240 months' imprisonment and 40 years' supervised release.  *See id.*, Docket Item 204 (W.D.N.Y. May 28, 2024).

of the Court to re-mail the June 13 order to Lettieri at that address, and gave Lettieri 14 additional days—until July 15, 2024—to respond to the order to show cause.  Docket Item 31.

Neither copy of the June 13 order has been returned as undeliverable, and the Court therefore assumes that Lettieri received those mailings.  See Loc. R. Civ. P. 5.2(d) ("The Court will assume that [a *pro se*] litigant has received papers sent to the address [he] provide[s].").[2]  But Lettieri has not responded to the June 13 order to show cause, and his time to do so has expired.

For the reasons that follow, the Court revokes Lettieri's IFP status in those cases in which his motion to proceed IFP was granted by this Court, denies all of his IFP motions pending before this Court, and denies all other motions in each of his cases pending before this Court without prejudice.  Lettieri has 30 days to pay the filing fees in each pending case.

## DISCUSSION

Over the past 20 months, Lettieri has filed 85 civil complaints and petitions,[3] more than 100 motions, and more than 100 notices of appeal[4] in this District.  Docket

---

[2] Local Rule of Civil Procedure 5.2(d) requires a *pro se* litigant to "inform the Court immediately, in writing, of any change of address" and warns that "[f]ailure to do so may result in dismissal of the case."  Lettieri has been warned that failure to update his address may result in the dismissal of his cases.  *See, e.g.*, *Lettieri v. Dep't of Justice*, Case No. 23-cv-749, Docket Item 26 at 19 (W.D.N.Y. Jan. 29, 2024).

[3] This number includes cases transferred to this District from other districts.

[4] Recently, the Second Circuit itself noted Lettieri's repeated filing of "frivolous or moot" appeals and ordered him to show cause why it should not impose a "leave-to-file

Item 30 at 4.  Despite this Court's imposition of three filing injunctions and its repeated warnings of future injunctions, *see* Docket Items 11, 18, 26, "Lettieri's onslaught of vexatious filings . . . continued," Docket Item 21 at 3.

As this Court discussed in its June 13 order, the Second Circuit has made clear that a district court may enjoin vexatious litigants from engaging in further litigation. Docket Item 30 at 4-5.  And while the Second Circuit has not addressed a court's authority to revoke IFP status based on an abusive litigant's filing history, other courts have done just that.  *Id.* at 5-6 (citing *Hurt v. Soc. Sec. Admin.*, 544 F.3d 308, 309-310 (D.C. Cir. 2008); *Wilson v. Oklahoma*, 561 F. App'x 714, 717-18 (10th Cir. 2014); and *Flemming v. Santamore*, 2016 WL 3221844, at *2 (N.D.N.Y. June 10, 2016)).  The June 13 order also addressed the Court's obligation to give careful and fair consideration to pleadings submitted by *pro se* litigants, noted that the Court had given Lettieri every benefit of the doubt, and observed that the Court would not take the contemplated action unless it were absolutely necessary.  *Id.* at 6-7, 9.

After considering the number, frequency, content, and disposition of Lettieri's filings, the Court concluded that the revocation of Lettieri's IFP status likely was warranted and necessary.  *Id.* at 7-10.  But the Court gave Lettieri an opportunity to show cause why his IFP status should not be revoked.  *Id.* at 10.  Nevertheless, Lettieri has not done so.

Therefore, in light of the above and for the reasons stated in the June 13 order, Docket Item 30, Lettieri's IFP status is revoked in all cases before this Court.

---

sanction."  *See Lettieri v. Vilardo*, Case No. 23-cv-6704, Docket Item 14 (W.D.N.Y. July 9, 2024) (Second Circuit mandate).

3

Additionally, Lettieri's pending IFP motions in cases before this Court are denied, and all other pending motions in those cases are denied without prejudice.

Lettieri has 30 days to pay the $350.00 filing fee and $55.00 administrative fee ($405.00 total) in any of his open cases before this Court. Each case in which Lettieri fails to pay the filing fees will be dismissed without prejudice without further order.[5]

## ORDER

In light of the above, IT IS HEREBY

ORDERED that in all of Lettieri's cases before this Court, Lettieri's IFP status is revoked, his pending IFP motions are denied, and his other pending motions are denied without prejudice; and it is further

ORDERED that Lettieri has 30 days to pay the $350.00 filing fee and $55.00 administrative fee ($405.00 total) in any of his cases before this Court. If Lettieri does not do so, those cases will be dismissed without prejudice without further order; and it is further

ORDERED that if Lettieri files a notice of change of address, the Clerk of the Court shall accept and file that notice.

---

[5] In Lettieri's cases with pending motions, the Court will issue individual text orders denying those motions. If Lettieri pays the filing fees in any case, any substantive—i.e., non-IFP—motion in that case that was denied pursuant to this order will be reinstated.

SO ORDERED.

Dated:  July 19, 2024
        Buffalo, New York


                                            /s/ Lawrence J. Vilardo
                                            LAWRENCE J. VILARDO
                                            UNITED STATES DISTRICT JUDGE